UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

JANE DOE (ANONYMOUS),

                              Plaintiff,           08 Civ.  (   )

    -against-

ANTHONY MARRACCINI, individually,
EDWARD LUCAS, individually, and RICHARD
LIGHT, individually,

                             COMPLAINT

                             **Jury Trial Demanded**

                            Defendants.

------------------------------------------------------------x

08 CIV. 4752
ORIGINAL

      Plaintiff JANE DOE (ANONYMOUS) by her attorneys Lovett & Gould, LLP, for her complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages, proximately resulting from conduct engaged in by Defendants under color of the laws of the State of New York, for violations of Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. §1983.

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

1

Case 7:08-cv-04752-CS   Document 1   Filed 05/21/2008   Page 2 of 8

## THE PARTIES

3. Plaintiff JANE DOE (ANONYMOUS) is an adult female citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. Except as otherwise stated, at the time of the events set forth *infra* Plaintiff was sixteen years of age.

4. Defendant ANTHONY MARRACCINI (hereinafter "Marraccini"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was employed as a Captain in the Police Department (hereinafter "Department") of the Town/Village of Harrison, New York (hereinafter "Town"), a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State.

5. Defendant EDWARD LUCAS (hereinafter "Lucas"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was employed as a Sergeant in the Department.

6. Defendant RICHARD LIGHT (hereinafter "Light"), who is sued in his personal and individual capacities only, at all times relevant to this complaint was employed as a Detective in the Department.

## THE FACTS

7. On May 17, 2007, Plaintiff's then boyfriend, who at the time resided with his parents in the Town (hereinafter "residence") was arrested by members of the Town's Police Department and charged with possession and sale of marijuana.

8. At or about 7:30 P.M. on May 17, 2007, Marraccini, Lucas, Light and a number of additional sworn members of the Department entered the residence ostensibly to search for additional marijuana and a firearm allegedly secreted by the boyfriend. Present during the "search" were Plaintiff, the boyfriend's father, and his wife.

9. In that connection and without any basis in fact whatsoever, Light advised Plaintiff that she was "under arrest for tampering with evidence", took possession of her cellular telephone, and directed that she place her hands against a wall inside the residence. When she complied with that directive Light, solely for the purpose of his own sexual gratification and with the intention of both degrading and sexually abusing Plaintiff:

    a. Placed both of his hands on Plaintiff's legs and felt them up and down coming within inches of touching her groin,

    b. Placed both of his hands on Plaintiff's buttocks, and rubbed it, and *inter alia*,

    c. Placed both of his hands on Plaintiff's breasts and massaged them.

Plaintiff was never charged with any criminal wrong-doing by Light. At the time of Light's sexual abuse of Plaintiff there was no probable cause to search/arrest her, no arguable probable cause to search/arrest her, and no reasonable suspicion to believe that she had engaged in any violation of law.

10. Thereafter during the "search", Marraccini without any authority or permission retrieved a camcorder from the boyfriend's bedroom and watched an approximately fifteen minute home video that depicted Plaintiff, at age fifteen, naked and engaging in oral sex and vaginal intercourse.

11. Marraccini, for his sexual gratification and to humiliate and degrade Plaintiff, then displayed that video to Light, Lucas and other officers - - in Plaintiff's presence - - while laughing.

12. Marraccini thereafter placed the camcorder directly in front of Plaintiff's face and forced Plaintiff to watch the video while rhetorically and mockingly asking her: "What is this?", "This is you?" Marraccini then escorted Plaintiff to the residence's living room and directed that she "wait here".

13. Shortly thereafter he returned with Lucas and Light. Lucas and Marraccini sat on either side of Plaintiff on a couch while Light stood directly in front of her - - his groin level with Plaintiff's face - - at which time Marraccini again forced Plaintiff to watch the video while Light threatened: "I should beat your ass for this. I hope your parents beat your ass. If someone from your house calls the cops I will tell the cops to delay any response for forty-five minutes".

14. Light then retrieved from a bedroom so-called "anal beads", put them directly in front of Plaintiff's face, while inquiring of her: "What do you do with these - - put them in your mouth?".

15. During the course of the approximately three and one-half hour "search" Plaintiff repeatedly asked Defendants for permission to leave the residence and/or use her cellular phone. Lucas, Light and Marraccini each refused to allow her to do either.

16. At the conclusion of the "search" Marraccini, Lucas and Light stole the camcorder with the video, took it to Police Headquarters where Plaintiff's boyfriend was being held and:

      a. Initially played the video sufficiently close to the cell in which the boyfriend was incarcerated so that he could hear the audio component of the video, Defendants' laughing about the video, and making repeated references by name to his girlfriend as she was depicted on the video, and,

      b. Thereafter played the video for other members of the Department to watch for their amusement, sexual gratification, and to further degrade Plaintiff.

17. During the course of the entire "search" Plaintiff was conscious of her imprisonment inside the residence, there was no probable cause for her arrest, there was no arguable probable cause for her arrest, there was no reasonable suspicion to believe she had engaged in any wrong-doing, she did not consent to either the imprisonment or the sexual abuse, and her imprisonment was neither privileged nor otherwise authorized.

18. By reason of Defendants' conduct Plaintiff has been caused to suffer: extreme emotional upset; anxiety; public humiliation; public degradation; public embarrassment; shame; sexual abuse; violations of her rights of privacy; violations of her right to be free from unreasonable searches and seizures; and has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CAUSE OF ACTION

19. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "87", inclusive.

20. Defendants' imprisonment of Plaintiff in the residence violated her rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CAUSE OF ACTION

21. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

22. Light's sexual abuse and groping of Plaintiff violated her rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A THIRD CAUSE OF ACTION

23. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

24. Light's sexual abuse and groping of Plaintiff violated her right of privacy as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FOURTH CAUSE OF ACTION

25. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "18", inclusive.

26. Defendants repeated viewing of the video recording and their forcing Plaintiff to view that recording in their presence, violated Plaintiff's right of privacy as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A FIFTH CAUSE OF ACTION

27. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "18",

28. Defendants' playing the video recording in Police Headquarters for other sworn members of the Department to watch violated Plaintiff's right to privacy as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SIXTH CAUSE OF ACTION

29. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "87", inclusive.

30. Light's placing Plaintiff "under arrest" for tampering with evidence, without probable cause and/or arguable probable cause and/or a reasonable suspicion to believe she engaged in that and/or any other crime, violated her rights as guaranteed by the Fourth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment is respectfully requested:

   a. Awarding against each Defendant such punitive damages as the jury may impose,

   b. Awarding against each Defendant such compensatory damages as the jury may determine,

   c. Requiring Defendants to return to Plaintiff the camcorder and video for purposes of destroying same,

   d. Permanently enjoining Defendants from displaying and/or otherwise publishing the video,

   e. Awarding reasonable attorneys fees and costs, and,

   f. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
   May 21, 2008

                LOVETT & GOULD, LLP
                By: _____
                Jonathan Lovett (4854)
                Attorneys for Plaintiff
                222 Bloomingdale Road
                White Plains, N.Y. 10605
                914-428-8401